FRANK D. WILLIAMS ET AL. *v.* FRANCES S. HOUCK, ADMINISTRATRIX C.T.A. (ESTATE OF JOHN A. ECKERT, III), ET AL.

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and COVELLO, Js.

Argued April 4—decided May 16, 1956

*J. Kenneth Bradley,* with whom was *Huntley Stone,* for the appellant (named defendant).

*Jack H. Courage,* for the appellees (plaintiffs).

DALY, J. The testator, John A. Eckert, died on May 11, 1929, a resident of the town of Greenwich. Surviving were his widow, Louise B. Eckert; a son, John A. Eckert, Jr.; a daughter, Mildred E. Williams; and a grandson, John A. Eckert, III, the son of John A. Eckert, Jr. John A. Eckert, Jr., died on April 21, 1945. John A. Eckert, III, died on May 3, 1945, before attaining the age of thirty years, unmarried and without issue, and Frances S. Houck is the administratrix c.t.a. of his estate. Mildred E. Williams died in 1951, leaving a son, Frank D. Williams, and a daughter, Joan W. Sokoloff, who are now living. Louise B. Eckert, the testator's widow, died on May 13, 1953. The Probate Court for the district of Greenwich made an order ascertaining that the estate of John A. Eckert, III, is the distributee of the principal of the trust which was created under the provisions of paragraph (b) of article sixth of the testator's will. The pertinent portions of article sixth are printed in the footnote.[1] An appeal was taken to the Superior Court by the plain-

---

[1] "SIXTH: All the rest, residue and remainder of my estate, both real and personal, whatsoever and wheresoever the same may be, I direct my Executors, their survivors and successors to divide into five equal shares or portions; three of such shares or portions, I give, devise and bequeath to my Executors, their survivors and successors, in trust, nevertheless, to invest, reinvest and keep the same invested and to collect the rents, issues and profits thereof, and to pay over the net income therefrom to my wife, LOUISE B. ECKERT, in quarterly instalments during her life, and upon her death to divide such three-fifths of my estate, together with any accumulated income therefrom into four equal shares or portions.

"(a) Two of such shares or portions, I give, devise and bequeath to my daughter, MILDRED E. WILLIAMS, to her, her heirs and assigns forever, and in case of her death leaving issue, then I give, devise and bequeath the same to her issue, and if she shall leave no issue her surviving, then I give, devise and bequeath the same to my son, JOHN A. ECKERT JR., if he be living, and if not, to the children of my son, John A. Eckert Jr., in equal shares, share and share alike,

tiffs, Frank D. Williams and Joan W. Sokoloff. The Superior Court overruled a plea in abatement and to the jurisdiction filed by the defendant Frances S. Houck, administratrix c.t.a. of the estate of John A. Eckert, III, denied her motions to erase and to expunge, granted the plaintiffs' motion to expunge,

children of any deceased child to take the parent's share, per stirpes and not per capita.

"(b) One of such shares or portions or one-fourth of said three-fifths of my estate, I give, devise and bequeath to my Executors, hereinafter named, and the survivors and successors of them, in trust, nevertheless, to hold the same, and to invest, reinvest and keep the same invested and to collect the rents, issues and profits thereof, and to pay the net income therefrom to my son, JOHN A. ECKERT JR., during his life, and upon his death, I direct my executors, their survivors and successors, to pay over the principal of said share with any accumulated income therefrom to his lawful issue, him surviving in equal shares, share and share alike, children of any deceased child to take the parent's share, per stirpes and not per capita, and in case he shall leave no lawful issue, then I direct my said executors and the survivors and successors of them, to pay said principal sum and any accumulated income therefrom to any children of my daughter, MILDRED E. WILLIAMS, in equal shares, share and share alike, children of any deceased child to take the parent's share, per stirpes and not per capita.

. . . . .

"(c) The last of such shares or portions of said one-fourth of three-fifths of my estate, I give, devise and bequeath to my executors, the survivors and successors of them, in trust, nevertheless, to hold the same and invest and reinvest and keep the same invested and collect the rents, issues and profits thereof and apply so much of the said income as may be necessary or advisable to the descendants of my son, JOHN A. ECKERT JR., during the lifetime of my grandson, John A. Eckert, in their discretion and to accumulate the balance of the income not so applied to the use of the descendants of my said son during the minority of my grandson, John A. Eckert, and upon the arrival of my grandson, John A. Eckert, at the age of twenty-one years, to turn over to him, the balance of the accumulated income therefrom, and upon his arrival at the age of thirty years or prior decease, to divide the said principal sum and any accumulated income therefrom among the lawful issue of my said son, John A. Eckert Jr., in equal shares, share and share alike, per stirpes and not per capita; and if there be no lawful issue, then to pay over the same to my son, JOHN A. ECKERT JR., and if he be not living, then to the issue of

reversed the decree of the Probate Court and adjudged that the plaintiffs, Frank D. Williams and Joan W. Sokoloff, are the distributees. The defendant Frances S. Houck, hereinafter called the defendant, has appealed from the judgment to this court.

In their motion for appeal, the plaintiffs alleged that "[t]hey are the issue of Mildred E. Williams and remaindermen of the trust created in and by article sixth (b) of the will" of the testator; that the Probate Court made an order ascertaining that "one of the distributees is the estate of John A. Eckert, III," and that they "are aggrieved by so much of said order and decree of this Court which finds and ascertains that the estate of John A. Eckert, III, is a distributee of said trust." The defendant contends that the plaintiffs' motion for appeal did not contain the allegations necessary to confer jurisdiction upon the Superior Court and to show that they are aggrieved and that, therefore, the trial court erred in overruling her plea in abatement and to the jurisdiction, in denying her motions to erase and to expunge and in granting the plaintiffs' motion to expunge.

Section 7071 of the General Statutes provides that "[a]ny person aggrieved by any order . . . of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court." A person to be "aggrieved" within the meaning of this statute must have not only a pecuniary interest but a pecuniary interest which has been injuriously affected by the decree appealed

my daughter, MILDRED E. WILLIAMS, in equal shares, per stirpes and not per capita, and I hereby expressly authorize my executors and trustees, the survivors and successors of them, to apply in their discretion, such income to the persons entitled thereto, in such manner and in such amounts as they may deem advisable and proper for the care and maintenance of said children."

from. *Kaskel* v. *Steinberg,* 142 Conn. 379, 384, 114 A.2d 853; *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547. In determining whether an appellant has a grievance, the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected. *O'Leary* v. *McGuinness,* 140 Conn. 80, 83, 98 A.2d 660; *Buckingham's Appeal,* 57 Conn. 544, 545, 18 A. 256; *Mallory's Appeal,* 62 Conn. 218, 222, 25 A. 109; 1 Locke & Kohn, Conn. Probate Practice, p. 384.

Section 7075 reads: "In each appeal from probate . . . the interest of the appellant shall be stated in the motion for appeal, unless such interest shall appear on the face of the proceedings and records of such court of probate." By reason of § 7075, the appellant is required as a matter of procedure to set forth in his motion for appeal, either expressly or by reference to specific records in the Probate Court, the interest which he claims has been adversely affected. *Ciglar* v. *Finkelstone,* 142 Conn. 432, 434, 114 A.2d 925; *Feigner* v. *Gopstein,* 139 Conn. 738, 742, 97 A.2d 267; *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 377, 94 A.2d 22. "In so far as § 7075 requires that the motion for appeal show the interest of an appellant in the subject matter of the decree appealed from, it is satisfied if the motion for appeal states the basis of the appellant's claim of such an interest—that is, if it states the nature of the interest claimed. It is not essential that the motion for appeal allege facts which establish the final validity of the claim." *Feigner* v. *Gopstein,* supra.

The plaintiffs, in alleging that "[t]hey are the . . . remaindermen of the trust created in and by article

sixth (b) of the will," stated their pecuniary interests, namely, that they are the sole distributees of the entire principal of that trust. In alleging that the Probate Court found that the estate of John A. Eckert, III, is a distributee of it, they stated that their pecuniary interests were injuriously affected. Consequently, the plaintiffs' motion for appeal shows how their pecuniary interests are affected to their disadvantage and why they are "aggrieved." A discussion of the amendments to the plaintiffs' motion for appeal is not called for. The trial court did not err in overruling the defendant's plea in abatement and to the jurisdiction, in denying her motions to erase and to expunge and in granting the plaintiffs' motion to expunge.

The significant question for determination is whether the estate of John A. Eckert, III, the testator's grandson, is the distributee entitled to the principal of the trust which was created under the provisions of paragraph (b) of article sixth or whether the plaintiffs, Frank D. Williams and Joan W. Sokoloff, the testator's two living grandchildren, issue of his daughter Mildred, are the distributees entitled to it. If it vested in John A. Eckert, III, prior to his death on May 3, 1945, his estate is the distributee entitled to it. The defendant maintains that it did, contending that a fundamental rule of construction in this state is that which favors the early vesting of future estates. She asserts that the provisions of paragraph (b) of article sixth are clear, precise and unambiguous in directing payment of the principal of the trust thereby created to the "lawful issue" of John A. Eckert, Jr., "him surviving."

In and by the first paragraph of article sixth of his will, the testator gave, devised and bequeathed

three-fifths of the remainder of his estate to his executors, in trust, to pay over the net income to his wife, Louise B. Eckert, during her life, "and upon her death to divide such three-fifths of my estate, together with any accumulated income therefrom into four equal shares or portions." Under the provisions of paragraph (a), two of the four shares were left to his daughter, Mildred E. Williams, or to her surviving issue, and if none, then to his son, John A. Eckert, Jr., if living, and if not, to his children. In and by the provisions of paragraph (b), the testator gave, devised and bequeathed one of the four shares to his executors, in trust, to pay the net income to his son, John A. Eckert, Jr., during his life, and upon his death to pay over the principal "to his lawful issue, him surviving," and, "in case he shall leave no lawful issue," to pay it to the children of the testator's daughter, Mildred E. Williams, in equal shares. By the terms of paragraph (c), the last one-fourth was to be held in trust for the descendants of his son, John A. Eckert, Jr., until John A. Eckert, III, arrived at the age of thirty years, or his prior decease, when the principal was to be divided among the issue of John A. Eckert, Jr., and if there was no issue, then it was to be paid to him, and if he was not living, then to the issue of Mildred E. Williams.

In *Budington* v. *Houck,* 134 Conn. 72, 80, 54 A.2d 671, relied upon by the plaintiffs as support for their claim that they are the distributees of the trust created by article sixth (b), we determined that they were the distributees of the trust created by paragraph (a) of article eighth of the will. The concluding sentence of that paragraph is: "Upon the death of my said son, John A. Eckert Jr., I give, devise and bequeath such share or portion, or so

much thereof as has not been paid, to my Executors, their survivors and successors, in trust nevertheless, during the life of my grandson, John A. Eckert, to hold the same and invest, reinvest and keep the same invested, and collect the rents, issues and profits thereof, and to apply the net income thereof to the use of my grandson, John A. Eckert and any lawful issue of my son, John A. Eckert Jr., in equal shares, per stirpes and not per capita, and upon the arrival of my grandson, John A. Eckert, at the age of thirty years, or his earlier death, to divide the principal sum, together with any accumulation of income among any descendants of my son, John A. Eckert Jr., in equal shares, per stirpes and not per capita, and if he shall leave no issue, then to the issue of my daughter, Mildred E. Williams, in equal shares, per stirpes and not per capita." We said (p. 76): "This case is peculiarly one where the right to receive the fund must be determined at the death of Eckert, III. The testator contemplated that his grandson would be living at and after his death. If the title to the remainder interest vested in him at the testator's death, the entire provision would exhaust itself in that disposition of the property and the substitutionary gift would be wholly nugatory. It must be presumed that the testator did not make provision for a gift which in no event could become operative." Consequently, we proceeded to find and effectuate the testator's intent. "In seeking that intent, the court looks first to the will itself. . . . It examines the words and the language used in the light of the circumstances under which they were written. . . . It studies the will as an entirety. . . . The quest is to determine the meaning of what the testator said and not to speculate upon what he meant to say."

*Chase National Bank* v. *Guthrie,* 139 Conn. 178, 182, 90 A.2d 643; *First National Bank & Trust Co.* v. *Parish of St. Thomas' Church,* 141 Conn. 489, 497, 107 A.2d 246. Our conclusion, from an examination of the plan of the will as a whole, was that the title to the trust fund provided for in article eighth (a) did not vest in John A. Eckert, III, upon the death of his father, John A. Eckert, Jr.

The language used in article sixth (b) is entirely different from that in article eighth (a). The class of distributees of the trust under article sixth (b) for John A. Eckert, Jr., is described as "his lawful issue, him surviving." There is no ambiguity in the description of this class. The testator unequivocally provided that membership in the class is to be determined as of the time of the death of John A. Eckert, Jr. The alternative gift to the issue of Mildred E. Williams is to take effect only "in case he shall leave no lawful issue." The phrase "in case he shall leave no lawful issue," as here used, is obviously intended to take care of the case where the gift to the issue of John A. Eckert, Jr., cannot take effect because there are no "lawful issue, him surviving." John A. Eckert, Jr., left lawful issue, him surviving—his son, John A. Eckert, III.

The plaintiffs claim also that, since the trust for John A. Eckert, Jr., could not come into existence until the death of Louise, the testator's widow, which did not occur until eight years after the death of John A. Eckert, III, the testator did not intend that remainder interests would vest indefeasibly prior to the termination of the preceding life estate. This claim is without merit, since no implication arises, from the creation of a life estate in property, that the testator intended the postponement of the vesting to the date of the termina-

tion of the life estate. *Bridgeport City Trust Co.* v. *Shaw,* 115 Conn. 269, 277, 161 A. 341. The words used denote a postponement in possession and not a gift in futuro. The testator's language is that which would naturally be used by one who wished to postpone the time when the right of possession should attach. It neither created a contingency or condition nor operated to delay the vesting in point of right. *Bridgeport-City Trust Co.* v. *Lister,* 140 Conn. 147, 155, 98 A.2d 811. The law favors the early vesting of estates. *Howard* v. *Batchelder,* 143 Conn. 328, 334, 122 A.2d 307; *Trowbridge* v. *Townsend,* 112 Conn. 104, 111, 151 A. 345. The principal of the trust for John A. Eckert, Jr., became distributable to John A. Eckert, III. Since this trust was never actually set up because John A. Eckert, Jr., predeceased the beneficiary of the preceding trust, the effect of this holding is that the estate of John A. Eckert, III, is the distributee of one-fourth of the principal of the trust created in and by the first paragraph of article sixth.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.