CHARLES C. CUNNINGHAM ET AL., EXECUTORS (ESTATE OF ELEANOR L. CUNNINGHAM) *v.* JOHN C. PARSONS ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 143747

Memorandum filed June 7, 1966

*Shipman & Goodwin,* of Hartford, for the plaintiffs.

*Robinson, Robinson & Cole,* of Hartford, for the defendants John Parsons, guardian ad litem, and T. Cunningham.

*Goldfarb & Spellacy,* of Hartford, for the defendant A. Goldfarb, guardian ad litem.

PALMER, J.  This is an appeal from a decree of the Court of Probate for the district of Hartford approving and allowing the substitute and supplemental administration account of the coexecutors, except that the decree found that a fee of $125,000 for the law firm of Davis, Cheney and Chipman, for services as attorneys for the Morgan Guaranty Trust Company of New York, is excessive and that a reasonable fee for its legal services necessary for the settlement of the estate is $85,000 and except that it further found that the fee of the Morgan Guaranty Trust Company of New York for services as coexecutor in the amount of $148,000 is excessive and that a reasonable fee for its services necessary

for the settlement of the estate is $107,500. The decree further orders "that the co-executors restore to said estate the sum of $40,000 paid to the law firm of Davis, Cheney and Chipman and that the co-executors restore to said estate the sum of $40,500 paid to the Morgan Guaranty Trust Company of New York" within thirty days from the date of the decree. The coexecutors allege they are aggrieved, and appealed.

The instant "motion to erase for want of jurisdiction of the subject matter and/or person of Charles C. Cunningham" is made by the guardian ad litem appointed by this court for undetermined and unborn children on the ground that Cunningham, "co-executor of the estate . . . is not a properly aggrieved person within the meaning of Section 45-288 of the General Statutes for the reason that he can in no way be held or considered, as a matter of law, aggrieved by an order . . . reducing the fee paid or payable by him to his attorneys for professional services rendered in the handling of said estate."

Section 45-288 provides: "Any person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court . . . ." "A person to be 'aggrieved' within the meaning of this statute must have not only a pecuniary interest but a pecuniary interest which has been injuriously affected by the decree appealed from." *Williams* v. *Houck,* 143 Conn. 433, 437.

It seems to the court to be perfectly clear that the plaintiff coexecutor Charles C. Cunningham has a pecuniary interest which has been injuriously affected by the decree appealed from, because the decree specifically orders both "co-executors [to] restore to said estate" the sums of $40,000 paid

Davis, Cheney and Chipman and $40,500 paid the Morgan Guaranty Trust Company. The decree has created against Charles C. Cunningham a joint and several liability in the amount of $80,500. It could hardly be more plain that his pecuniary interest has been seriously and injuriously affected, within the rule of *Williams* v. *Houck,* supra.

The motion to erase is denied.