INSURANCE COMPANY OF NORTH AMERICA *v.* JOHN D. DRAGAT, ADMINISTRATOR D.B.N. (ESTATE OF RODERICK H. MINER)

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 6—decided June 29, 1973

*Elmer W. Beasley,* for the appellant (plaintiff).

*John D. Dragat,* pro se, the appellee (defendant).

BOGDANSKI, J.   On August 4, 1970, the Probate Court for the district of Hartford issued an order denying the plaintiff's application to file an administration account on the ground that the court lacked jurisdiction to act on the matter.   From this order

the plaintiff, surety on a $1000 administratrix' bond, appealed to the Superior Court. The appeal was referred to Hon. Howard W. Alcorn, a state referee, who, exercising the powers of the Superior Court, dismissed the appeal for lack of jurisdiction. From a judgment rendered thereon, the plaintiff has appealed to this court.

It is clear that a decision on the issue of jurisdiction is dispositive of this case.[1]

The record discloses the following facts: On October 6, 1961, Roderick H. Miner died in Hartford, Connecticut, leaving his widow, Muriel Miner, as his only heir-at-law and next of kin. On October 19, 1961, the Probate Court for the district of Hartford appointed Muriel Miner administratrix of the estate of Roderick H. Miner and the plaintiff became surety on her probate bond in the amount of $1000. The bond was in the usual form required by § 45-34 of the General Statutes, conditioned on her faithful discharge of an administratrix' duties to her trust. After filing an inventory listing the assets of the estate as an automobile worth $950 and a claim against third parties for damage to the automobile, the administratrix, on February 26, 1962, obtained the Probate Court's approval to settle the damage claim for $250. After settling the damage claim, the administratrix left the Hartford area and has not been heard from. On February 9, 1967, the Probate Court, suo motu, removed her as administratrix,

---

[1] The plaintiff has assigned error in the finding, both in the court's refusal to find certain facts and in its finding of other facts. These claims of error have not been briefed or argued and are therefore treated as abandoned. *State* v. *Grayton*, 163 Conn. 104, 109, 302 A.2d 246. The plaintiff's remaining assignments of error attack the conclusions reached, the overruling by the court of its claims of law and the rendition of judgment for the defendant.

appointed the defendant, John D. Dragat, as administrator de bonis non and ordered the administratrix to file an account and to deliver the assets of the estate to the defendant. She has not complied with either order. In March, 1970, the defendant brought an action in Circuit Court against the plaintiff surety to recover on the administratrix' probate bond and that action is still pending. The plaintiff, thereafter, as surety on the bond, sought to file an administration account on behalf of the defaulting administratrix, and the Probate Court, on July 23, 1970, denied the application for lack of jurisdiction. On August 5, 1970, the plaintiff sought, and on August 7, 1970, the Probate Court allowed, an appeal from its order. The ground of the appeal was, in substance, that the plaintiff was aggrieved by being denied the right to establish, by filing an account on behalf of the defaulting administratrix, possible credits in diminution of its undetermined possible liability as surety in the action pending in the Circuit Court. Thereafter, the plaintiff filed its reasons of appeal together with an account on behalf of the administratrix and sought an adjudication and allowance of the account in the Superior Court. The account as filed in the Superior Court differed from the account filed in the Probate Court.

On the basis of the foregoing facts, the trial referee concluded, in part, that the plaintiff was not a fiduciary entitled to file a final account within the meaning of General Statutes § 45-267 governing the jurisdiction of accounts of fiduciaries, that the plaintiff was not an aggrieved person within the meaning of General Statutes § 45-288 governing appeals from courts of probate, and that the Superior Court lacked jurisdiction to entertain the plaintiff's appeal.

Jurisdiction is the "power in a court to hear and determine the cause of action presented to it." *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576. The lack of jurisdiction may be raised at any time; *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524, 84 A. 307; and when it comes to the court's attention the court must act. *Olmstead's Appeal,* 43 Conn. 110, 114.

The substance of the plaintiff's aggrievement, which it claims on the basis of the rule stated in cases such as *Brush* v. *Button,* 36 Conn. 292, 294, and *Wattles* v. *Hyde,* 9 Conn. 10, 15, is that it hopes to establish credits which can be used in defending the action against it in the Circuit Court. While those cases hold that the Probate Court is the only proper place in which to settle an executor's or an administrator's account, they do not hold that the surety on the executor's or on the administrator's probate bond can file an account and seek to have it allowed. On the contrary, § 45-267 of the General Statutes names specific fiduciaries whose final accounts are within the jurisdiction of the Probate Court.[2] That statute does not confer on the Probate

---

[2] "[General Statutes] Sec. 45-267. JURISDICTION OF ACCOUNTS OF FIDUCIARIES. Courts of probate shall have jurisdiction of the interim and final accounts of testamentary trustees, trustees appointed by such courts of probate, conservators, guardians, persons appointed by such courts to sell the land of minors, executors, administrators and trustees in insolvency. The trustee of any inter vivos trust may make application to either the court of probate for the district where the trustee has his or its principal place of business or the court of probate for the district where the trustee or any one of them resides to submit an account to the jurisdiction of such court. Such action shall not subject the trust to the continuing jurisdiction of the probate court. Upon the allowance of any such account, the court shall determine the rights of the fiduciaries rendering the account and of the parties interested therein, subject to appeal as in other cases, provided such court shall cause notice of the hearing on the same to be given in such manner and to such parties as it directs."

Court any jurisdiction over a final account filed by a surety on the probate bond of a fiduciary. It is well settled that the Superior Court on appeal from probate does not exercise its general powers of jurisdiction but exercises only the limited powers of the Probate Court. *Prince* v. *Sheffield,* 158 Conn. 286, 293, 259 A.2d 621.

Aggrievement exists only when some legally protected interest which the appellant has in the estate has been adversely affected by the decree appealed from. *Williams* v. *Houck,* 143 Conn. 433, 438, 123 A.2d 177; *Kaskel* v. *Steinberg,* 142 Conn. 379, 384, 114 A.2d 853. Here it is clear that the alleged aggrievement of the plaintiff is based on its claim of a right to be protected against speculative damages based on an independent contract between it and Muriel Miner, individually, and not based on any legally protected interest it claimed to have in this estate.

We conclude that the Superior Court correctly ruled that there was lack of jurisdiction and did not err in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.