JAMES BATTLE *v.* GERALD H. KAHN

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 134423
AT NEW HAVEN

Memorandum filed October 9, 1973

*Joseph B. Lukas,* of New Haven, for the plaintiff.

*Greenfield, Krick & Jacobs,* of New Haven, for the defendant.

ZARRILLI, J.   The plaintiff, James Battle, as the father of the decedent, Eric Battle, brings this appeal from an order of the Probate Court in and for the district of New Haven appointing the defendant, Gerald H. Kahn, of New Haven, as the administrator on the estate of his son.

The plaintiff in essence claims that he had never received any notice of a hearing in the Probate Court of the proposed appointment; that had he received such a notice he would have opposed the appointment; and, further, that his son's mother had deceived him into believing that he, the plaintiff, could be appointed to handle the decedent's estate.

The demurrer to the appeal is grounded on the basis that the plaintiff is not an aggrieved party and therefore has no standing to maintain the appeal.  The court does not agree.

Under the statute, any person aggrieved by any order, denial or decree of the Probate Court in any matter may appeal therefrom to the Superior Court. General Statutes § 45-288.   An aggrievement "may

consist of an injurious effect upon some legally protected right or status of the appellant." *Maloney* v. *Taplin,* 154 Conn. 247, 250. Clearly, the legally protected right or status of the plaintiff is spelled out by § 45-195 of the General Statutes, which in pertinent part provides that the Probate Court "shall grant administration of the estate . . . to the next of kin . . . or, on their refusal [or] incapacity . . . or upon the objection of any heir . . . , found reasonable by such court, to any other person whom the court deems proper."

Since Kahn is not a next of kin of the decedent and since none of the conditions subsequent to the appointment of such next of kin has occurred, the plaintiff's right to be appointed to the status of an administrator has been violated and his legally protected right to be considered for such an appointment has been ignored, thus making him an aggrieved party in the eyes of the law.

A careful reading of *Williams* v. *Houck,* 143 Conn. 433, and *O'Leary* v. *McGuinness,* 140 Conn. 80, cited by the defendant, indicates that they are inapposite to the issue raised here relating to the appointment of an administrator. In *Bridgeport* v. *Steiber,* 143 Conn. 720, the plaintiffs claimed that they were aggrieved because the appointed administrator intended to pursue certain presumed claimed causes of action against them. The court held (p. 723) that it was not the function of the Probate Court to decide whether the plaintiffs should be protected from suit and that the decree of appointment did not adjudicate any issue against them. Therefore, they had no interest in the estate, nor was "any interest of theirs directly affected by the decree appointing the administrator. It follows that they are not 'aggrieved' by the decree in the sense in which that word is used" in the statute, § 45-288.

The demurrer is overruled.