[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FACTS
This action for declaratory judgment arises from another action in which plaintiff, Carrier Corporation, has been charged with violations of environmental protection statutes. In the underlying action, plaintiff allegedly discharged certain hazardous substances on its property in eight locations ("on-site claims) and allegedly generated or transported toxic waste at twenty-six other locations (off-site claims). Liability has been imposed against plaintiff without fault, on a joint and several basis, and further liability may be imposed.
Plaintiff has brought this declaratory judgment action against some one hundred and fifty insurance carriers based on over six hundred policies which plaintiff has entered into with these carriers. The plaintiff seeks to have the court determine the obligation of these carriers to defend and indemnify plaintiff in the above-referenced, underlying action. The defendants here consist of both primary and excess insurers.
Plaintiff brought this action on January 27, 1989. In its first count, plaintiff seeks a declaration that its insurers owe a duty to defend and indemnify plaintiff with respect to the underlying action. Plaintiff alleges that it had insurance policies with each of the defendants; that it has been found liable for violations of environmental protection statutes at several sites across the United States, and that "[u]pon information and belief, the applicable limits of additional policies issued to Carrier by [primary insurers] will or may be exhausted as a result of the [underlying action]." Plaintiff further alleges that, "[e]ach of the [d]efendants which issued primary liability policies to Carrier has a duty to provide Carrier with full defense and to pay all such defense costs and, in addition, to pay all sums by way of indemnification which Carrier is obligated to pay . . ." Plaintiff further alleges, "[e]ach of the [d]efendants which issued excess or umbrella liability policies to Carrier, upon the exhaustion of the policy limits of any policy underlying said excess insurer's policy, or upon the refusal by any such underlying insurer to honor its obligation . . . or in the event that there is not underlying insurance . . . or otherwise in accordance with the terms of its policy, has a duty to provide Carrier with full defense and to pay all such costs and, in addition, to pay all sums by way of indemnification which Carrier are obligated to pay . . ." CT Page 5483
Now before the court is a motion to dismiss count one of plaintiff's complaint for lack of justiciability filed by a small group of excess insurers. Each party has filed a memorandum in support of its position. The defendants' arguments are essentially the same. Defendants argue that the court lacks subject matter jurisdiction because the plaintiff has not specifically alleged that the excess policies have been triggered, therefore, plaintiff has not met the requirement of Connecticut Practice Book 390(b) which calls for an actual bona fide and substantial question or issue in dispute or a substantial uncertainty of legal relations. Defendants also argue that as a matter of sound discretion, this court should dismiss the complaint against the excess insurers for being too remote and speculative.
Plaintiff has filed a memorandum in opposition to the motion to dismiss. Plaintiff argues that it has made sufficient allegations to meet the requirement of Connecticut Practice Book 390(b). Plaintiff also argues that it is within the discretion of a trial judge to allow a declaratory judgment.
A motion to dismiss is used to assert the following: 1) lack of jurisdiction over the subject matter; 2) lack of jurisdiction over the person; 3) improper venue; 4) insufficiency of process; and 5) insufficiency of service of process. Conn. Practice Book 145 (1989). Subject matter jurisdiction is the power of a court to hear and determine the cause of action presented to it. See, e.g., Insurance Co. of North America v. Dragat, 165 Conn. 207, 210 (1973). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Connecticut Allied Business Legal Rights Association v. Woodrow Wilson Gaitor, 10 Conn. Law Trib. No. 30 (Super Ct., March 13, 1984, Aspell, J.).
There is no "case or controversy" requirement in Connecticut. See Alarm Applicators Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 546 (1980). However, the "case or controversy" requirement, i.e., justiciability has become a part of standing. Id. "Where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over an [action]." Connecticut Allied Business Legal Rights Association v. Woodrow Wilson Gaitor, 10 Conn. Law Trib. No. 30 at p. 12.
Thus, the court lacks jurisdiction if the requirements of Practice Book 390(b) are not satisfied. See Clough v. Wilson, 170 Conn. 548, 555-56 (1976). Subsection (b) of CT Page 5484 Connecticut Practice Book 390 requires that an issue is in dispute or there is an uncertainty of legal relations which requires settlement between the parties. See Bania v. New Hartford, 138 Conn. 172, 175 (1951). "This provision means no more than there must appear a sufficient practical need for the determination of the matter . . ." Id. The plaintiff has made sufficient allegations to show that there is a need for a present determination of defendants' obligation to defend and indemnify because the plaintiff has alleged that the defendants are plaintiff's insurers, the plaintiff is liable for multiple violations of environmental protection statutes, and the costs of cleanup may exhaust the plaintiff's primary coverage.
Further, "an action for declaratory judgment may serve the purposes of simplifying the issues and expediting the decision of the ultimate question of the right of a plaintiff to relief by deciding an issue in a preliminary proceeding." Connecticut Savings Bank v. First National Bank 
Trust Co., 133 Conn. 403, 413 (1947). Judicial economy will be promoted by hearing this at the present time because this court will be required to address the same issue at a future time if, in fact, the excess policies are triggered and the court does not resolve the matter at this time.
Finally, dismissing the claims against some excess insurance from this action gives those defendants a "second bite of the apple." If plaintiff prevails, the decision will not bind the dismissed defendants, and plaintiff will have to litigate the same issues again. That result would be illogical, inefficient and unfair.
The motion to dismiss on the grounds of non-justiciability is denied.
KOLETSKY, J.