[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from an order of the Thompson Probate Court approving an agreement permitting the borrowing, by the estate, of funds to acquire a fractional interest in real estate so that the estate may sell the land.
On June 25, 1998, the probate court approved an agreement whereby the estate of the late Sam Beno would purchase from Erika Boerger her interest in realty located at 450 Brickyard Road, Woodstock, Connecticut for $95,000 payable as follows:
$80,000 within sixty days; and
$15,000 through a promissory note secured by a mortgage payable to Boerger bearing seven percent annual interest for two years.
The plaintiff is Kevin Beno, a nephew of the deceased, who died intestate on June 10, 1993. Kevin Beno is one of the heirs to his uncle's estate. Clearly, the plaintiff, as an heir, is aggrieved by the action of the probate court because he has a pecuniary interest in the assets of the estate which he contends have been injuriously affected by the approval of the purchase of the Boerger's interest in the real property, Williams v. Houck,143 Conn. 433, 437 (1956). Any person so aggrieved may appeal from an order of a probate court to the Superior Court, G.S. Section 45a-186 (a).
When considering such an appeal, unless a record was kept of the probate court proceedings, the Superior Court conducts a hearing de novo without regard to the result reached by the probate court, Andrews v. Gorby, 237 Conn. 12, 15 (1996). The parties make no claim that the probate court proceedings pertaining to this issue were recorded. Thus, the question for this court to decide is whether to grant the motion of the administrator of the estate, John G. Beno, requesting approval of the agreement detailed above. CT Page 9947
On June 10, 1999, the court held an evidentiary hearing on this motion and finds the following facts.
On June 7, 1963, the subject property was part of land conveyed, by committee deed, to Christopher Beno, John Beno, Peter Minchoff, and Erika Boerger. Boerger paid seventy percent of the purchase price of $32,500, and the other owners paid the remainder. Since that date, Boerger has paid all the expenses connected with ownership of the property including real estate taxes, mortgage payments, and insurance costs. These expenses have amounted, over the years, to around $140,000.
Boerger and the deceased lived as a couple from 1959 until his death in 1993. Sam Beno was never a record owner of the property in question.
In 1987, Minchoff brought a partition action with respect to this property. That action was settled by the acquisition of Minchoff's interest in exchange for a conveyance of a portion from other land owned in common by the cotenants. Also, Minchoff paid $65,000 to Boerger to compensate her for her expenses up to that time.
Upon Sam Beno's death, the administrator omitted listing the subject property as part of the decedent's estate. This action by the administrator was taken with the knowledge of the judge of probate and with the expectation, that if it were subsequently determined that Sam Beno had some interest in this land, a supplemental inventory could be filed to reflect that interest.
Around this time, Boerger threatened to begin a partition action to liquidate her interest in the property. This dispute was referred to mediation. The plaintiff declined to attend the mediation session although invited to participate. After a contentious and exhausting day of negotiations, Boerger and all interested persons, except the plaintiff, reached an accord which is the agreement which was outlined above and is the subject of this motion for approval.
The present assets of the estate are $36,000. The administrator's son, George Beno, has agreed to lend to the estate the sum necessary to complete the transaction. He also has agreed to charge no interest on this loan. The property has a present fair market value of around $360,000. The estate would purchase Boerger's one-third interest for $95,000. George Beno CT Page 9948 has already expressed his desire to purchase this one-third interest from the estate for $120,000. This would generate, if completed as proposed, considerable profit for the estate and increase the assets of the estate by at least $25,000.
If the motion to approve were denied, it is likely that Boerger would proceed to partition the property. Given the facts that the deceased was not a record owner, that Boerger would be, at a minimum, entitled to one-third of the value of the land as a common owner, and that she would likely be entitled to compensation for a portion of the expenses she alone has incurred in maintaining the property since 1963, the purchase for $95,000 of Boerger's interest appears to be financially prudent for the estate.
It is quite possible that in a partition action, Boerger could succeed in establishing that she is the sole equitable owner of the land, leaving the estate with nothing. Also, a protracted legal battle is likely to generate considerable costs for the estate.
The court concludes that the administrator has proven, by clear and convincing evidence, that approval of the agreement to borrow funds from George Beno to purchase Boerger's interest in this real property serves the best interests of the estate and its heirs. The motion to approve is granted.
Sferrazza, J.