EDWARD A. PAVLICK *v.* THE MERIDEN TRUST AND SAFE
DEPOSIT COMPANY, EXECUTOR (ESTATE OF
WILLIAM V. PAVLICEK), ET AL.

BROWN, C. J., BALDWIN, INGLIS and O'SULLIVAN, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued April 7.—decided May 26, 1953

*Joseph F. Noonan*, with whom was *Francis J. O'Brien*, for the appellant (plaintiff).

*Herman M. Levy*, with whom, on the brief, was *Leonard L. Levy*, for the appellees (defendants Vincent Pavlicek et al.).

*Paul W. McMahon* appeared for the named defendant but did not argue the cause.

INGLIS, J. The plaintiff appealed to the Superior Court from a decree of the Probate Court for the district of Meriden ordering the distribution of the net estate of William V. Pavlicek in equal shares to the three beneficiaries named in the residuary clause of his will. These beneficiaries, Vincent Pavlicek, Maria Vitovec and Frantiska Roubec, all residents of Czechoslovakia, will be referred to as the defendants. The appeal was made returnable to the first Tuesday of February, 1952. On February 13, the defendants filed a general appearance, and on the same day the plaintiff filed his reasons of appeal. It was not until February 20 that the defendants filed what they called a plea to the jurisdiction. This was fourteen days after the time when the rules permit the filing of such a plea. Practice Book § 82. The plea was overruled, and thereafter the defendants

filed their answer to the reasons of appeal. Upon an oral motion subsequently made by them, the court rendered judgment dismissing the appeal. This judgment was based upon the conclusion that the court had no jurisdiction "for the reason that the interest of the plaintiff does not appear in the motion for appeal, nor in the record of the Probate proceedings from which the said appeal is taken." The question before us is whether the reason given warranted the conclusion that the court was without jurisdiction.

The only allegations of the motion for appeal filed by the plaintiff in the Probate Court which purported to set forth his interest were that he was the grandson and sole heir at law of the deceased and was aggrieved by the probate decree appealed from. In view of the fact that the decree from which the plaintiff was appealing was an order for distribution in accordance with the terms of a will, it is apparent that his allegation of heirship did not state an interest as required by § 7075 of the General Statutes. If, therefore, the plaintiff's failure to state his interest had been seasonably and properly set up as a ground for a plea in abatement, it would have required the sustaining of such a plea. *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 376, 94 A.2d 22. The plea to the jurisdiction which was filed, even if it was based on the ground that the motion for appeal did not state the plaintiff's interest, was properly overruled, both because it was filed too late and because the defendants had entered a general appearance. In any event, the correctness of that ruling has not been brought into question by the defendants in this appeal.

The judgment appealed from was not rendered upon the sustaining of a plea to the jurisdiction. It

was entered upon the pleadings, which then consisted of the reasons of appeal and the answer thereto. The reasons of appeal contained allegations to the effect that the estate consisted of real property and that the defendants, to whom the property was bequeathed, were all, at the time of the death of the testator, citizens and residents of Czechoslovakia. These allegations would constitute the basis for a claim of law that, as nonresident aliens, the defendants, in the absence of a treaty provision to the contrary, were precluded from taking the real estate. See *Angus* v. *Noble,* 73 Conn. 56, 66, 46 A. 278. If that claim could be established, it would be clear that the plaintiff, as heir at law, had an interest in the estate which had been affected adversely by the decree distributing the property to the defendants. Consequently, he was aggrieved by the decree, and, pursuant to § 7071 of the General Statutes, the court had jurisdiction of the subject matter of the appeal. *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547; *Spencer's Appeal,* 122 Conn. 327, 334, 188 A. 881; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138. All of this points up the fact that the judgment dismissing the appeal rested on the ground that the plaintiff had failed to state in his motion for appeal facts showing his interest in the decree appealed from and not on the ground that he was not actually aggrieved by the decree.

This distinction is vital to the decision of the case. In an appeal from probate, the Superior Court is a court of limited jurisdiction. It has only the jurisdiction granted to it by statute. Section 7071 authorizes appeals from probate only by those who are aggrieved by the decree appealed from. Accordingly, if an appellant is not actually aggrieved, the court is

without jurisdiction to hear his appeal and it is void. *Palmer* v. *Reeves,* supra. The lack of an actual grievance, however, is quite a different matter from the failure of the appellant to state his interest in his motion for appeal as required by § 7075. It is well settled that such failure does not render the appeal void but merely voidable. *Fuller* v. *Marvin,* 107 Conn. 354, 357, 140 A. 731; *Orcutt's Appeal,* 61 Conn. 378, 381, 24 A. 276; Cleaveland, Hewitt & Clark, Probate Law & Practice, § 115; 1 Locke & Kohn, Conn. Probate Practice, p. 405. Consequently, such a defect in the motion for appeal must be taken advantage of seasonably by a plea in abatement. If the right to file such a plea is lost by reason of the appellee's filing either a general appearance or an answer to the reasons of appeal, there is a waiver by him of the defect. *Deming's Appeal,* 34 Conn. 201, 203; *Wardens & Vestry of Trinity Church* v. *Hall,* 22 Conn. 125, 131; *Clark* v. *Warner,* 6 Conn. 355, 359; 1 Locke & Kohn, op. cit., p. 427.

If we apply these principles to the present case, it is clear that after the time for filing a plea in abatement had elapsed and the defendants had filed a general appearance, and particularly after they had answered the reasons of appeal, they had lost their right to claim an abatement of the appeal on the ground upon which they relied. The litigation had progressed beyond the stage at which they could take advantage of the defect in the motion for appeal. The defect had been waived. It no longer was ground for dismissing the appeal. The court was, therefore, in error in dismissing the appeal for that reason.

There is error, the judgment is set aside and the case is remanded to be proceeded with in accordance with law.

In this opinion the other judges concurred.