JOHN S. FEIGNER, ADMINISTRATOR (ESTATE OF
RACHAEL FEIGELSON), ET AL. *v.* HANNA
G. GOPSTEIN ET AL.

BROWN, C. J., BALDWIN, INGLIS and O'SULLIVAN, Js.[1]

Argued April 7—decided May 26, 1953

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Henry C. Campbell* and *Walter F. Torrance,* for the appellants (plaintiffs).

*Herman M. Levy,* for the appellee (named defendant).

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellees (defendants Abram Gopstejn et al.).

INGLIS, J. This is an appeal to the Superior Court from the decree of a Probate Court ordering the distribution of assets of the estate of Benjamin Epstein pursuant to the eleventh paragraph of his will. The appeal was taken by John S. Feigner as administrator of each of two estates, and he will hereinafter be called the plaintiff. One group of defendants filed a plea to the jurisdiction and another group a motion to erase the appeal. Both of these alleged that the motion for appeal did not sufficiently state the interest of the plaintiff. The plea was sustained and the motion was granted. From the judgment dismissing the appeal the plaintiff has appealed to this court.

The essential allegations of the motion for appeal are the following: The plaintiff is the administrator of the estates of Rachael Feigelson and Shlioma

Feigelson, who were the children of Sarah Mindel (Feigelson). Those estates "are entitled to the income set aside by the Trustee for Sarah Mindel from January 1, 1944, and to one-third of the entire principal balance under the Trust established by said Paragraph Eleventh for Sarah Mindel and her children." The decree appealed from ascertained the distributees of income and principal under the eleventh paragraph of the will, and the estates represented by the plaintiff were not included among the distributees named in the order. The plaintiff is thereby aggrieved.

Neither the plea to the jurisdiction nor the motion to erase alleged that the court was without jurisdiction because the appellant was not actually aggrieved by the probate decree. They were grounded solely on the claim that the motion for appeal did not comply with the requirements of § 7075 of the General Statutes. This distinction may be made clearer by comparing the state of pleadings in the present case with that in *Sacksell* v. *Barrett,* 132 Conn. 139, 142, 43 A.2d 79. In that case the plea alleged facts showing affirmatively that the appellant was not aggrieved by the decree and consequently the question was whether the court had jurisdiction of the subject matter of the appeal under § 7071 of the General Statutes. When it appears on the face of the record that an appellant is not aggrieved by the decree appealed from, his appeal is void. When he has a grievance but has failed to state his interest in his motion for appeal as required by § 7075, his appeal is merely voidable. *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* decided this day; *Orcutt's Appeal,* 61 Conn. 378, 381, 24 A.2d 276.

Section 7075 reads: "In each appeal from probate . . . the interest of the appellant shall be stated in

the motion for appeal, unless such interest shall appear on the face of the proceedings and records of such court of probate." We have recently held that, if an appellant intends to rely upon portions of the probate records to show his interest pursuant to the last clause of the statute, he must annex to his motion for appeal copies of the pertinent probate records or at least incorporate them by making specific reference to them. *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 377, 94 A.2d 22. In the present case the plaintiff did not annex to his motion for appeal or incorporate therein by reference any of the probate records. Accordingly, the question before us narrows down to this: Did the motion for appeal state the interest of the appellant adequately to comply with the statute?

The interest required to be stated by § 7075 is an interest in the subject matter of the decree appealed from. To have such an interest a party must (1) have a legal, as distinguished from a sentimental, interest in the estate involved in the decree and (2) that interest must have been adversely affected by the decree. *Exchange Buffet Corporation* v. *Rogers,* supra; *Dickerson's Appeal,* 55 Conn. 223, 229, 10 A. 194. We must examine the motion for appeal filed by the plaintiff to determine whether it sets forth both of these elements of interest.

In the first place, it must be noted that the general allegation that the plaintiff is aggrieved is not in itself a sufficient statement of his interest. It sets forth only a conclusion of law which, unless it is supported by facts alleged elsewhere in the motion which show how he is aggrieved, is ineffective. *Sacksell* v. *Barrett,* 132 Conn. 139, 147, 43 A.2d 79; *Campbell's Appeal,* 64 Conn. 277, 292, 29 A. 494. The motion for appeal now before us, however, alleges far

more than that legal conclusion. It states that the plaintiff is the administrator of the estates of Rachael and Shlioma Feigelson, and that gives him a standing to act in his representative capacity to protect whatever interest the two estates may have in the decree. *Spencer's Appeal*, 122 Conn. 327, 331, 188 A. 881; *Hennessy* v. *Denihan*, 110 Conn. 646, 650, 149 A. 250.

The allegations which show the interest of the two estates in the decree appealed from are (1) that they are entitled to share in the distribution under the eleventh paragraph of the will and (2) that by the decree appealed from these estates were excluded from participation in the distribution. As regards the first of these, the contention of the defendants is that, because the word "entitled" is used, that, too, is an allegation of a conclusion of law. In this connection they rely upon *Averill* v. *Lewis*, 106 Conn. 582, 588, 138 A. 815. In that case we said that "[t]o assert that the appellants are beneficiaries and interested, is to state a legal conclusion only." The circumstances under which that statement was made, however, differ radically from those in the present case. The facts which were before the court showed that the appellants were not in truth beneficiaries under the will. Consequently, all that the statement means is that, when it appears that the claim that parties are beneficiaries under a will is incorrect, the addition of a claim that they are interested does not show how they are interested and, therefore, is insufficient.

In so far as § 7075 requires that the motion for appeal show the interest of an appellant in the subject matter of the decree appealed from, it is satisfied if the motion for appeal states the basis of the appellant's claim of such an interest—that is, if it states the nature of the interest claimed. It is not essential

that the motion for appeal allege facts which establish the final validity of the claim. See *Mallory's Appeal,* 62 Conn. 218, 222, 25 A. 109; Locke & Kohn, Conn. Probate Practice, p. 384. The allegation in the motion for appeal in the present case that the estates of which the plaintiff is the administrator are entitled to certain income and one-third of the principal under the trust established by the eleventh paragraph of the will is the equivalent of a claim that those sums were bequeathed to them by that clause of the will. It fairly sets forth the nature of the interest which those estates claim to have in the subject matter of the probate decree from which the appeal has been taken. In this particular it satisfies the requirement of the statute.

After the plaintiff alleges that his estates have a right to share in the bequest, the allegation that the probate decree appealed from denied them that right completes the statement of their interest which is required by § 7075. It shows how their property rights have been adversely affected by the decree and therefore how they have been aggrieved. *Duncan* v. *Higgins,* 129 Conn. 136, 146, 26 A.2d 849; *Dickerson's Appeal,* 55 Conn. 223, 229, 10 A. 194. It follows that the granting of the motion to erase and the sustaining of the plea to the jurisdiction were erroneous.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase and overrule the plea to the jurisdiction and thereafter to proceed with the case in accordance with law.

In this opinion the other judges concurred.