ALFRED L. KASKEL *v.* THERESA STEINBERG ET AL., EXECUTORS (ESTATE OF NATHAN V. STEINBERG)

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued April 6—decided May 31, 1955

*Jack H. Courage,* for the appellant (plaintiff).

*Julius B. Kuriansky,* for the appellees (defendants).

DALY, J.  The plaintiff appealed to the Superior Court from a decree of the Court of Probate for the district of Greenwich authorizing the defendants to sell real estate.  In his motion for appeal he alleged that he was aggrieved.  The defendants, by a plea in abatement and to the jurisdiction, alleged that the plaintiff was not, as a matter of law, aggrieved, since he had no pecuniary interest which was injuriously affected by the decree.  By his answer the plaintiff denied the allegations contained in the defendants' plea.  The Superior Court found the issues for the defendants upon the plea and dismissed the appeal.  The plaintiff has appealed to this court.

In his first assignment of error the plaintiff claims that the trial court erred in making a finding. Ordinarily, a finding is essential to test the conclusions reached upon an issue raised by a denial of a material allegation contained in a plea to the jurisdiction.  *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260; *State* v. *Chin Lung,* 106 Conn. 701, 717, 139 A. 91.  Furthermore, the plaintiff requested the court to make a finding and thereby induced it to do that of which he now complains.  His claim is without merit.  *Taylor* v. *Corkey,* 142 Conn. 150, 153, 111 A.2d 925; *Housing Authority* v. *Pezenik,*

137 Conn. 442, 448, 78 A.2d 546. In his second assignment of error he claims that the court erred in finding certain facts set forth in the finding. The change sought would not directly affect the ultimate facts upon which the judgment depends. As no useful purpose would, therefore, be served by making the correction, it is not made. *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 51, 103 A.2d 529; Maltbie, Conn. App. Proc., § 93. In other assignments of error the plaintiff contends that the trial court erred in failing to find certain facts. No statement of facts was contained in his draft finding. The draft finding should contain, in consecutive, numbered paragraphs, a statement of the relevant and material facts proven. Practice Book § 389. As the facts claimed do not appear in the draft finding, these claimed errors are not considered. *Jordan* v. *Apter,* 93 Conn. 302, 305, 105 A. 620; Maltbie, Conn. App. Proc., § 73.

The finding contains the following facts: Nathan V. Steinberg died on March 20, 1953, and thereafter the defendants qualified as executors of his estate. At the time of his death, he was the owner of real estate in the city of Stamford. On October 28, 1953, the defendants agreed in writing to sell the real estate to George M. Horn for $125,000, subject to the approval of the Probate Court. On December 1, 1953, after public notice, a hearing upon the defendants' petition for approval of the Horn contract was had by the Probate Court, and an offer by the plaintiff to purchase the property for $132,500 or, in the alternative, to bid for it at public sale was submitted to the court. The hearing was continued to December 8, 1953; at that time the plaintiff withdrew his offer to purchase the property for $132,500, and the judge of probate stated that he would au-

thorize its sale to Horn for $125,000. However, a written order authorizing the sale was never entered.

Thereafter, the plaintiff purchased the interest of Horn in the contract, paying him a substantial sum for an assignment of it. The Probate Court ordered another hearing, which was held on February 18, 1954. At this hearing, George S. Gregory, through his attorney, submitted an offer to purchase the property for $150,000, and the plaintiff stated that he would pay $155,000 for it. The Probate Court did not approve a sale to either Gregory or the plaintiff. It continued the hearing until March 1, 1954, when it requested that each interested party submit his best offer to the defendants. The highest offer was $185,000, submitted by Gregory. The plaintiff did not submit an offer, and the judge of probate stated that an order approving a sale to Gregory for $185,000 would be entered. Then the plaintiff offered to pay $190,000 for the property. The Probate Court refused to approve a sale to the plaintiff for $190,000. On March 3, 1954, the defendants entered into a contract with Gregory for the sale of the property to him and filed a surety bond, and the Probate Court entered an order authorizing the sale to him for $185,000. It is from this order that the present appeal was taken.

The plaintiff claims that the Superior Court erred in concluding that, since there was no recorded order in existence on December 8, 1953, authorizing a sale to Horn, the plaintiff could not, and did not, acquire a pecuniary interest in the decedent's estate by obtaining an assignment of the Horn contract; that he did not, in any manner, acquire a pecuniary interest in the estate; and that he is not an aggrieved person. He maintains that, since he paid a substantial sum for an assignment of the Horn con-

tract, incurred expenses in improving the real estate in reliance upon his status as assignee of that contract, and was the highest bidder for the property, he acquired a pecuniary interest in the decedent's estate. He claims that, therefore, he is an aggrieved person and that the Superior Court erred in dismissing his appeal from the Probate Court. Since the Superior Court did not find that the plaintiff incurred expenses in improving the real estate in reliance on his status as assignee of the Horn contract, we do not consider his claim that he is an aggrieved person because of such incurred expenses.

The plaintiff contends that, as the sale to Horn, his assignor, was orally approved of by the Probate Court, no record of the order was required notwithstanding the provision in § 6820 of the General Statutes to the effect that each judge of probate shall cause a complete record to be made of all orders passed. Any rights the plaintiff might claim to have had as assignee of the Horn contract were waived by him in offering on two occasions, with no reservation of any claimed rights, to purchase the property at prices far in excess of the purchase price stated in the Horn contract. *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 555, 129 A. 527.

Section 7071 of the General Statutes provides for an appeal from the Probate Court to the Superior Court by an aggrieved person.[1] The principal question for our determination is whether the Superior Court erred in concluding that the plaintiff is not an aggrieved person. The term "aggrieved," as used

---

[1] "Sec. 7071. APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court in the county where such court of probate is held, but he shall give bond, with sufficient surety to the state, to prosecute such appeal to effect."

in the statute, applies only to those who can show a direct pecuniary interest in the matter in controversy. To entitle a party to appeal from a probate decree, he must have some pecuniary interest which the decree appealed from will in some way injuriously affect. *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547.

The finding indicates that the plaintiff offered to bid for the property at a public sale on only one occasion, at the Probate Court hearing on December 1, 1953. He does not claim to have acquired any pecuniary interest in either the property or the estate prior thereto. The Superior Court did not find that he, as the highest bidder or otherwise, ever paid any sum to the defendants. The Probate Court was authorized, under § 2210c of the 1953 Cumulative Supplement, to direct whether the sale should be public or private and, if it was private and it appeared to be for the best interests of the estate, to determine the price and the terms of the sale. The plaintiff's claim that the failure of the Probate Court to order a public sale was prejudicial to the interests of the estate gives no support to his claim that he is an aggrieved person.

Any rights claimed by the plaintiff were not rights in the estate. At the most, they were rights in property owned by the estate. The only persons who are affected by an order approving the sale of property constituting an asset of an estate are those to whom the estate will be distributed, or creditors if the estate is insolvent. *Norton's Appeal,* 46 Conn. 527, 528. If the plaintiff is aggrieved at all, it is by reason of the executors' failing to go through with the Horn contract, which had been assigned to the plaintiff after it had been orally approved by the Probate Court. Any interest he had could be injuriously

affected only by a breach of that contract. It could not be, and was not, directly affected by the order of the Probate Court approving the sale to Gregory. As the plaintiff was neither a beneficiary under the will nor a creditor, he had no legal right to oppose the entry of the order of sale and was not aggrieved by it as contemplated by § 7071.

There is no error.

In this opinion the other judges concurred.