HARTFORD KOSHER CATERERS, INC. *v.* ANDREW GAZDA,
CONSERVATOR (ESTATE OF ANNA WASIK)

HARTFORD KOSHER CATERERS, INC. *v.* ANDREW GAZDA,
CONSERVATOR (ESTATE OF ANNA WASIK) ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 4—decided December 4, 1973

*David C. Bagley,* with whom, on the brief, was *Morris G. Beizer,* for the appellant (plaintiff) in each case.

*Walter B. Kozloski,* for the appellee (named defendant) in each case.

*John D. Bagdasarian,* for the appellee (defendant Stanley C. Jayne et al.) in the second case.

LOISELLE, J. Hartford Kosher Caterers, Inc., hereinafter referred to as Hartford Kosher, brought suit against Andrew Gazda, conservator of the estate of Anna Wasik and hereinafter referred to as the conservator, for specific performance of an alleged agreement for the sale of land pursuant to a Probate Court order. In a separate suit, Hartford Kosher appealed from a Probate Court decree dated August 8, 1969, which ordered that the conservator sell the property which was the subject of the specific performance action to Stanley Chin Jayne and George Chin Quock Yow, hereinafter referred to as Jayne and Yow. The trial court found the issues for the defendant in the first case and for the defend-

ants in the second case, and Hartford Kosher appealed in each case. Following a stipulation and motion to combine, the two cases were joined for this appeal.

Hartford Kosher has assigned error in several of the court's conclusions. The trial court's conclusions are tested by the finding; *State* v. *Villafane,* 164 Conn. 637, 638, 325 A.2d 251; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; and must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Connecticut Bank & Trust Co.* v. *Bovey,* 162 Conn. 201, 205–6, 292 A.2d 899; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

The finding[1] as corrected reveals the following facts which are relevant to the claims of the appellant. The conservator filed an application with the Probate Court for the district of Berlin for permission to sell real estate. Following public notice, a hearing on the application was held July 14, 1969. At the hearing the probate judge announced that it would be continued to July 18, and that interested

---

[1] The plaintiff, Hartford Kosher, assigns error in the finding and specifically attacks the court's failure to find material facts as set forth in nineteen paragraphs of the draft finding. Four of these paragraphs were in fact found or were implicit in the finding. A finding need not be in language identical with the draft finding. *Walsh* v. *Turlick,* 164 Conn. 75, 77, 316 A.2d 759; *Aczas* v. *Stuart Heights, Inc.,* 154 Conn. 54, 55, 221 A.2d 589. Of the remaining paragraphs, nine were not mentioned in the plaintiff's brief nor in the appendix to its brief. To secure an addition to the finding the plaintiff must point to some part of the appendix, the pleading or an exhibit properly before us which discloses that the defendant admitted the truth of the fact or that its validity was conceded to be undisputed. *Randolph Construction Co.* v. *Kings East Corporation,* 165 Conn. 269, 271 n.1, 334 A.2d 464; *Stoner* v. *Stoner,* 163 Conn.

parties could submit bids containing one price and the terms and conditions of payment. After a consideration of the three bids submitted, a decree was issued on July 22, 1969, which stated that the bid of Hartford Kosher was the best received, set forth Hartford Kosher's three-part offer in full, and ordered the conservator "to enter into negotiations with" Hartford Kosher. Hartford Kosher was sent a certified copy of the July 22 decree on July 24, 1969. The judge, however, by a letter to Hartford Kosher dated July 30, 1969, rescinded the decree because Hartford Kosher's bid had not complied with his instructions to submit only one bid. The probate judge was confused by Hartford Kosher's bid because the figure of $116,000 was inked over and the amount "one hundred and ten thousand dollars" was written in.

Another hearing was held August 5, 1969, with all interested parties in attendance, including counsel for Hartford Kosher. The court inquired whether there were any objections to a second round of bids. Hartford Kosher made no objections and submitted a new bid, as did the other interested parties. On August 8, 1969, the judge issued a decree ordering

345, 347, 307 A.2d 146. One additional paragraph which the court failed to find, while briefed and supported in the appendix to the plaintiff's brief, was in dispute. A fact is not admitted or undisputed merely because it has not been contradicted. Practice Book § 628 (a); *Malarney* v. *Peterson*, 159 Conn. 342, 344, 269 A.2d 274. The remaining five paragraphs were shown to be admitted in the appendix to the plaintiff's brief or the pleadings and, where material, have been added in their entirety or in part to the facts above.

The plaintiff also assigns error in two of the trial court's findings. Facts not supported by the evidence in the appendices to the briefs must be stricken. Practice Book §§ 627, 718; *Kowalczyk* v. *Kleszczynski*, 152 Conn. 575, 577, 210 A.2d 444. As there is evidence in the plaintiff's own appendix which supports these findings, they are retained. *Nair* v. *Thaw*, 156 Conn. 445, 449, 242 A.2d 757.

the sale of the property to the defendants Jayne and Yow on the ground that their bid was in the best interest of the estate.

The initial question presented concerns Hartford Kosher's standing to appeal the Probate Court order of August 8, 1969. The defendants argue that Hartford Kosher lacks standing because it failed to state its interest in the motion for appeal addressed to the Probate Court. They also assert that since Hartford Kosher is not a "person aggrieved" as required under § 45-288 of the General Statutes, the Superior Court lacked jurisdiction to hear the appeal. Section 45-288 provides that "[a]ny person aggrieved by any order, denial or decree of a court of probate . . . may appeal therefrom to the superior court." The appeal must set forth in the motion for appeal (1) the interest of the appellant in the subject matter of the decree or in the estate (General Statutes § 45-293), and (2) the adverse effect of the decree on that interest. These two elements, interest and adverse effect, must be shown to satisfy §§ 45-288 and 45-293. *Maloney* v. *Taplin,* 154 Conn. 247, 250–51, 224 A.2d 731; *Feigner* v. *Gopstein,* 139 Conn. 738, 741, 97 A.2d 267. Within ten days of the return day of the motion for appeal the appellant must file his reasons of appeal with the Superior Court. "[P]leadings shall thereafter follow in analogy to civil actions." Practice Book § 151.

A party who wishes to appeal from an order of the Probate Court must state his interest in the motion for appeal, and a failure to do so cannot be remedied by any statement in the reasons for appeal. *Maloney* v. *Taplin,* supra, 249; *Norton's Appeal,* 46 Conn. 527, 528. In its motion for appeal, filed August 14, 1969, Hartford Kosher represented that it was one of three bidders for the purchase of

real estate, that the Probate Court, as evidenced by a copy of its decree of August 8, 1969, ordered the property sold to another bidder, and that Hartford Kosher was thereby aggrieved. Aggrievement is a legal conclusion which, if stated without supporting allegations as to the particular nature of the aggrievement, is insufficient as the basis for appeal. *Maloney* v. *Taplin,* supra, 250; *Sacksell* v. *Barrett,* 132 Conn. 139, 147, 43 A.2d 79. The facts alleged in the motion for appeal do not show an interest of Hartford Kosher sufficient to establish aggrievement under § 45-288. The mere assertion that Hartford Kosher bid and lost does not sustain the conclusion that it has a legal interest which has been injured. *Kaskel* v. *Steinberg,* 142 Conn. 379, 384, 114 A.2d 853.

Although Hartford Kosher did not satisfy the requirements for the motion for appeal, this failure is not fatal to its appeal. Aggrievement is a jurisdictional necessity, without which the Superior Court cannot hear the appeal, and the action is void. *Kerin* v. *Goldfarb,* 160 Conn. 463, 467, 280 A.2d 143. If an appellant is aggrieved but fails to show the basis for that aggrievement in the motion to appeal, the appeal is merely voidable. *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* 139 Conn. 733, 737, 97 A.2d 265; *Fuller* v. *Marvin,* 107 Conn. 354, 357, 140 A. 731; *Orcutt's Appeal,* 61 Conn. 378, 381, 24 A. 276. The defect in an appellant's motion must be seasonably asserted by a plea in abatement; *Browning* v. *Steers,* 162 Conn. 623, 625, 295 A.2d 544; *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* supra; or by a motion to erase or dismiss. *Maloney* v. *Taplin,* supra, 251. "If the right to file such a plea [or motion] is lost by reason of the appellee's filing either a general appearance or an answer to the

reasons of appeal, there is a waiver by him of the defect." *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* supra, 737; 1 Locke & Kohn, Conn. Probate Practice § 208. All the defendants filed answers as their first response to Hartford Kosher's appeal, and, in effect, waived the insufficiency of the pleadings in the motion for appeal.

Since the defective nature of Hartford Kosher's motion for appeal did not provide a ground for dismissing this case, the next question is whether Hartford Kosher was aggrieved by the action of the Probate Court.

The concept of standing as presented here by the question of aggrievement is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. "A grievance to . . . [one's] feelings of propriety or sense of justice is not such a grievance as gives . . . a right of appeal." *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 69, 26 A.2d 234. On the other hand, the frequent statement that a plaintiff, to be aggrieved, must have a direct pecuniary interest; *Kerin* v. *Goldfarb,* supra; *Williams* v. *Houck,* 143 Conn. 433, 437, 123 A.2d 177; *Ciglar* v. *Finkelstone,* 142 Conn. 432, 434, 114 A.2d 925; *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547; is too narrow to deal with the various types of cases presented by appeals from probate. See *O'Leary* v. *McGuinness,* 140 Conn. 80, 98 A.2d 660; *Spencer's Appeal,* 122 Conn. 327, 332-33, 188 A. 881; *Saunders* v. *Denison,* 20 Conn. 521, 524 (overruled in part by *Sacksell* v. *Barrett,* supra, 146-47); *Edwards* v. *Administrator of Botsford,* 1 Root 244; 1 Locke & Kohn, op. cit. § 188.

The "fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated." *Flast* v. *Cohen,* 392 U.S. 83, 99, 88 S. Ct. 1942, 20 L. Ed. 2d 947. The issue of whether Hartford Kosher was aggrieved under § 45-288 by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail. To examine the present issue the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest.

Hartford Kosher was the party with whom the conservator was ordered to negotiate in the Probate Court decree of July 22, 1969. The defendants claim that under this order Hartford Kosher had no rights because the conservator was merely ordered to negotiate. The July 22 order dictated the price, the down payment, the term, and the interest rate for paying the balance. The order was made following an application for permission to sell the real estate and was promulgated as part of a "sale . . . on a sealed bid basis." Whether the decree in this proceeding be called an order to sell or an order to negotiate, there is clearly an intent that the ultimate result be a conveyance of property. The conservator could negotiate only minor details with Hartford Kosher and could sell to no one else. Hartford Kosher's status as the chosen potential purchaser under the July 22, 1969 decree, while not the same as that of a party to a contract for the sale of land, does constitute an interest. This status and its attempted termination serve to distinguish this case from *Kaskel* v. *Steinberg,* 142 Conn. 379, 114 A.2d

853.[2] If this status was terminated by the order of August 8, as Hartford Kosher pleaded, the result would constitute injury in fact sufficient to satisfy the requirements of aggrievement. "In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has . . . has been adversely affected." *O'Leary* v. *McGuinness, supra*, 83; *Buckingham's Appeal,* 57 Conn. 544, 545–46, 18 A. 256; 1 Locke & Kohn, op. cit., pp. 384–85. For the purposes of § 45-288, Hartford Kosher's allegations showed aggrievement under the Probate Court order of August 8, 1969, and Hartford Kosher therefore had standing to appeal.

An appeal from the Probate Court presents to the Superior Court only the order appealed. *Stevens' Appeal,* 157 Conn. 576, 580, 255 A.2d 632; *Hotchkiss' Appeal,* 89 Conn. 420, 432, 95 A. 26; 1 Locke & Kohn, op. cit., p. 382. The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. *Stevens' Appeal, supra,* 581; see *Wildman's Appeal,* 111 Conn. 683, 686, 151

[2] The plaintiff had been assigned rights to a contract with the executors for the purchase of estate property. The agreement was subject to the approval of the Probate Court which had orally stated it would authorize the sale. The court instead ordered more hearings and eventually decreed the property be sold to a third party. The primary factor which distinguishes the present case is that here the Probate Court went one step further in issuing a written decree that the conservator negotiate with Hartford Kosher. Hartford Kosher is challenging the validity of the Probate Court's revocation procedure. In *Kaskel* v. *Steinberg,* 142 Conn. 379, 114 A.2d 853, the plaintiff had no similar grounds upon which to base his appeal. The issue of whether a party who merely bid on property held for sale would be deemed "aggrieved" by an unlawful Probate Court procedure neither is presented by this case nor was it an issue in *Kaskel* v. *Steinberg, supra.*

A. 265; *Coit's Appeal,* 68 Conn. 184, 186, 35 A. 1124. A subsequent appeal to this court brings with it the limited subject-matter jurisdiction of the Superior Court. If the trial court lacks jurisdiction over the subject-matter of an action, the Supreme Court also lacks it. See *Sheridan* v. *Planning Board,* 159 Conn. 1, 10, 266 A.2d 396; *Carten* v. *Carten,* 153 Conn. 603, 610–11, 219 A.2d 711; *In re Application of Smith,* 133 Conn. 6, 8, 47 A.2d 521; Maltbie, Conn. App. Proc. § 273.

This doctrine of limited jurisdiction requires that the content of this appeal be clarified before proceeding with a discussion of the merits. There are three actions of the Probate Court relevant to this case: (1) the order of July 22, requiring the conservator to negotiate with Hartford Kosher; (2) the letter of the Probate Court dated July 30, which revoked the July 22 order; and (3) the order of August 8, that the conservator sell to Jayne and Yow. While the conservator argues that the July 22 order is invalid, that order has not been appealed. Although § 45-288 provides that an appeal may be taken from "any order, denial or decree" of the Probate Court, and thus Hartford Kosher could have appealed the July 30 revocation, it did not. Consequently, this court makes no decision regarding Hartford Kosher's claims that the July 30 revocation was beyond the Probate Court's jurisdictional powers and the revocation remains in effect. See General Statutes § 45-9. Since the July 22 order stands revoked, this court finds no basis for Hartford Kosher's attack on the court's conclusion that it is not entitled to specific performance or money damages. Hartford Kosher's claim for specific performance, which originated as a separate action, was founded on the existence of the July 22 decree.

Since the findings reveal no other basis for that action, the trial court's conclusion is legally and logically consistent therewith.

The only action of the Probate Court presented to this court for review is the decree of August 8. The pertinent facts as found by the trial court are as follows. Public notice of the conservator's application for sale was given prior to the July 14 hearing by newspaper advertisement. The hearing was continued to July 18, when the first set of bids was submitted. On July 22, the court ordered the conservator to enter into negotiations with Hartford Kosher. This authorization was withdrawn on July 30 by the court's letter rescinding the July 22 order. On August 5, a new hearing was held to accept new bids on the property, which led to the final order of the court on August 8. The trial court concluded from these facts that the hearing of the Probate Court on August 5, 1969, was an adjourned hearing of the original proceeding on July 14, 1969. Section 45-238[3] requires that public notice[4] precede the Probate Court authorization of a sale by a conservator of the real estate of an incapable person.

There is no question that the Probate Court's actions in this case were unusual. If the August 8 order were to constitute an extension of the July proceedings, the court, if it had the power to do so,

---

[3] "[General Statutes] Sec. 45-238. SALE OR MORTGAGE OF REAL ESTATE. The court of probate may, upon the written application of the conservator of the estate of any incapable person, . . . after public notice and such other notice as the court may order and after hearing, if it finds that to grant such application would be for the best interest of the parties in interest, authorize the sale . . . [of] any real estate in this state of any incapable person . . . ."

[4] General Statutes § 45-32 defines public notice as "publication in some newspaper having a circulation in the district in which such court is held, for such length of time as such court may direct . . . ."

should have merely rejected Hartford Kosher's bid and accepted the next best bid. When the Probate Court realized that the selected bid did not conform to its requirements, however, it ordered a new round of sealed bids. The flow of proceedings from July 14 ceased with the July 22 order. In revoking the July 22 decree, the Probate Court did not revive those proceedings but instead, without public notice, instituted a new hearing and accepted new bids, not from the general public, but only from those who had submitted a bid on July 18. The notice made prior to July 14 applies only to the proceedings of July 14 and 18, which terminated with the July 22 order.

Notice serves several important functions in this context. It insures the greatest number of bidders for the estate property, and serves to keep probate proceedings before the public. Notice requirements for the sale of estate property in the Probate Court must be strictly observed. The court is exercising a special statutory power and unless the authority is strictly followed, the order of sale will be void. See *Offredi* v. *Huhla,* 135 Conn. 20, 23, 60 A.2d 779; *Dorrance* v. *Raynsford,* 67 Conn. 1, 7, 34 A. 706; 2 Locke & Kohn, Conn. Probate Practice, p. 404. As there was no publication of notice preceding the August 5 hearing, the order of August 8 based on that hearing is void.

There is no error in the case of Hartford Kosher Caterers, Inc. v. Andrew Gazda, Conservator (Estate of Anna Wasik).

There is error in the case of Hartford Kosher Caterers, Inc. v. Andrew Gazda, Conservator (Estate of Anna Wasik) et al., the judgment is set

aside and the case is remanded to the Superior Court with direction to sustain the appeal and set aside the Probate Court order of August 8, 1969.

In this opinion the other judges concurred.