[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from orders of the Shelton Probate Court dated July 13, 1990 awarding attorney's fees to the defendants, denying a claim for fees by the plaintiff as Executrix of the Estate of Agatha Rimkus, and limiting the attorneys fees of the Executrix to proceedings in the Probate Court. The plaintiff's probate appeal recites that she is the beneficiary under the will of Agatha Rimkus and the Executrix of the Estate. The appeal also includes the Probate Court's order and states that the appellant is aggrieved by that order.
The appellees, who are also beneficiaries of the estate, have filed a motion to dismiss the appeal claiming lack of subject matter jurisdiction because: (1) the appeal fails to state how the plaintiff is aggrieved as required by sections45-288 and 45-293 of the General Statutes and (2) the appellant obtained an ex-parte order for permission to appeal from the Probate Court without a hearing by that Court to allow the appellees to object to the appeal.
The appeal was filed July 30, 1990 and the appellees filed an appearance on September 7, 1990. The plaintiff filed reasons of appeal as required by section 194 of the Connecticut Practice Book on October 10, 1990. The defendants did not file a motion to dismiss the appeal until January 16, 1991.
A party cannot file a motion to dismiss an action unless the motion is filed within 30 days of the filing of an appearance under section 142, Connecticut Practice Book. Any claim of lack of jurisdiction due to insufficiency of the process is waived if a motion to dismiss is not filed within the time limit in section 142. Section 144, Connecticut CT Page 3302 Practice Book. On the other hand, lack of subject matter jurisdiction cannot be waived and a claim of lack of subject matter jurisdiction must be disposed of whenever it is raised and before the court can proceed further with the case. Castro v. Viera, 207 Conn. 420, 429, 430. In a probate appeal under section 45a-186 of the General Statutes (formerly section 45-288) the appeal must contain in the motion for appeal itself (1) the interest of the appellant in the subject matter of the decree or in the estate, as required by section 45a-191 (formerly section 45-293 C.G.S.), and (2) the adverse effect of the decree on that interest. Hartford Kosher Caterers Inc. v. Gazda, 165 Conn. 478, 482. The two elements, interest and adverse effect, must be shown to satisfy sections 45a-186 and 45a-191. Id,; Maloney v. Taplin, 154 Conn. 247, 250, 251; Feigner v. Gopstein,139 Conn. 738, 741. Failure to meet those requirements makes the appeal subject to a motion to dismiss, and insufficiency of the appeal cannot be cured in the Superior Court by amendment or by offering testimony to overcome a defect apparent on the face of the appeal. Exchange Buffet Corp. v. Rogers,139 Conn. 374, 377, 378. The interest must appear from the appeal itself or on the face of the proceedings and records of the Probate Court attached to the appeal or at least incorporated by reference. Id., 377; Feigner v. Gopstein, supra, 741. Failure to state the appellant's interest in the appeal cannot be remedied by any statement in the reasons for appeal. Hartford Kosher Caterers, Inc. v. Gazda, supra, 482; Maloney v. Taplin, supra, 249.
The defendants do not claim that the appellant is not aggrieved, but rather that the appeal itself does not state the basis for the aggrievement claim. If an appellant is aggrieved but fails to show the basis for that aggrievement in the motion to appeal, the appeal is merely voidable. Hartford Kosher Caterers, Inc. v. Gazda, supra, 483; Feigner v. Gopstein, supra, 740; Pavlick v. Meriden Trust Safe Deposit Co., 139 Conn. 733, 737. Since the claimed defect, if it was one, merely makes the appeal voidable and not void, the defect was waived by the appellee's failure to file the motion to dismiss within 30 days after the filing of the appearance. Sections 142 and 144 Connecticut Practice Book; see also Hartford Kosher Caterers, Inc. v. Gazda, supra, 483, 484.
In a probate appeal the appellant only has to show a possibility, as distinguished from a certainty, that some legally protected interest which the appellant has in the estate has been adversely effected. Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 516; Hartford Kosher Caterers, Inc. v. Gazda, supra, 486. See also Park Construction Co. v. CT Page 3303 Knapp, 150 Conn. 588, 593. The motion for appeal alleges that the plaintiff is a beneficiary under the decedent's will and the Executrix of the estate. The order of the Probate Court, stated in the motion, indicates an award of attorneys fees from the estate to the appellees, disallowance of fees of the appellant-executrix and payment of only some of her attorney's fees. It is apparent from the appeal itself that payments to the appellees created the possibility that the amounts received by the appellant as a beneficiary from the estate will be reduced. This sufficiently states an interest in the appeal and how the Probate Court decree adversely affects that interest. See Williams v. Houck, 143 Conn. 433,438, 439. In addition, the appellant is adversely affected by the disallowance of her fees as Executrix and her attorney's fees. Even if the motion to dismiss had been timely, it would fail on the merits.
The appellees' other claim is that the appeal is defective because the appellant obtained an ex parte order to bring the appeal from the Probate Court. They claim that this violates their rights to due process of law under the state and federal constitutions. No cases or statutes are cited in support of this claim. Issues raised without citations to legal authority, including constitutional claims which are not briefed beyond a statement of the claim itself are generally considered abandoned and do not have to be decided. Rodriguez v. Mallory Battery Co., 188 Conn. 145, 148, 149. If this is disregarded and the issue is considered it has no merit. Section 45a-192 of the General Statutes (formerly section 45-294) provides that the Probate Court when allowing an appeal shall make such order of notice to persons interested as it deems reasonable. This suggests that orders of notice to interested persons such as the defendants is optional with the Probate Court and not required as a prerequisite to any appeal.
 "The statutory notice requirements are not essential to probate appeals. Therefore, the failure to name an adverse party by notice in a probate appeal does not deprive the Superior Court of subject matter jurisdiction. The provision allowing an appeal confers upon the party aggrieved an absolute right of which he cannot be deprived by an omission of the Court of Probate. When the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches. That Court, however, will not proceed with the appeal until all appellees have had notice of the appeal."
Silverstein's Appeal From Probate, 13 Conn. App. 45, 59. CT Page 3304
The practice of allowing appeals has been followed in the Courts of Probate since colonial times, although Probate Court judges do not possess the discretionary authority to refuse to allow review by a higher court. Haylett v. Commission on Human Rights Opportunities, 207 Conn. 547, 550.
A party claiming that a statute is unconstitutional must prove its invalidity beyond a reasonable doubt. Keogh v. Bridgeport, 187 Conn. 53, 60. While the appellees may be entitled to notice of the proceedings in the Superior Court where the appeal will be heard, the right to notice of a hearing does not extend to notice of a preliminary application. See Mobley v. Metro Mobile CTS of Fairfield County Inc., 216 Conn. 1, 9, 10.
The appellees have shown no basis for a constitutional due process claim, because a prerequisite to it is that the appellees must have a property right and the action taken must have deprived them of that property right. Bartlett v. Krause, 209 Conn. 352, 362, 363. To prevail on a due process claim they must prove that: (1) the property interest they assert is cognizable under the due process clause; (2) they have been deprived of that property interest; (3) the deprivation of the property interest has occurred without due process of law. Double I Limited Partnership v. Plan Zoning Commission, 218 Conn. 65, 76. They clearly have no property right for their consent or input to be obtained before someone else can appeal from a decision of the Probate Court. Moreover, the action of the appellant obtaining permission ex parte to take an appeal does not itself deprive the appellees of any rights or benefits secured by the Probate order appealed from. The Probate Court's order will be reversed, if at all, after a review of the appellant's claim in the Superior Court.
The motion to dismiss the appeal is denied.
ROBERT A. FULLER, JUDGE