[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#128)
The plaintiff's motion to strike (#128) arises out of a negligence action brought by plaintiffs Carol Finley on behalf of her minor son Justin Finley and Carol Finley individually. The defendants named in the summons are Frank Tortora, Sr., as president, Westside Hardware, Inc. or Frank Tortora, Jr., vice-president of Westside Hardware, Inc. and John Melia. The complaint names the defendants as Westside Hardware, Inc. dba Westside Hardware and Supply, Inc. and John Melia. The plaintiffs seek recovery for injuries Justin Finley received when he was allegedly thrown from defendants' forklift machine.
On February 16, 1991 the court, Lewis J., granted defendants' motion to implead Justin Finley's father, James Finley as a third party defendant. Defendants filed a third party complaint against James Finley alleging that any injuries or damages suffered by plaintiff Justin Finley were proximately caused by the negligence and carelessness of James Finley in failing to supervise his son. Defendants seek indemnification, contribution and any other relief the court deems just and proper against James Finley.
Plaintiffs move to strike defendants' third party complaint against third party defendant James Finley on the ground that the parental immunity doctrine bars the imposition of liability upon a father for negligent supervision of his child. Plaintiffs argue that any third party action seeking contribution, indemnification and apportionment of liability is therefore barred. In opposition to the motion to strike defendants argue that plaintiffs lack standing to contest the viability of the third party complaint against James Finley and that the parental immunity doctrine does not preclude James Finley from liability.
The threshold question to be decided, is whether the plaintiffs have standing to contest the viability of the third party complaint against James Finley. "Standing is not a matter of constitutional law in Connecticut, but is rather a rule of judicial administration based upon the principle that the appropriate parties to litigate a dispute are those who are injured or about to be injured." Manchester Environmental Coalition v. Stockton, 184 Conn. 51, 65, 441 A.2d 68, (1981).
Standing concerns the legal right of an individual CT Page 7000 to set the machinery of the courts in operation. . . . (citation omitted) [A] person is not `entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or a representative capacity.' (citation omitted).
Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545-46 (1980.
 The `fundamental aspect of standing. . .[is that] it focuses on the party seeking to get his complaint before [the] court and not on the issues he wishes, to have adjudicated.' Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942, 20 L.Ed 947 (1968).
Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478, 485,338 A.2d 497 (1973). Connecticut Assoc. of Health Care Facilities, Inc. v. Worrell, 199 Conn. 609, 612, 508 A.2d 20 (1986).
 When standing is put in issue, the question is whether the person whose standing is challenged is the proper party to request an adjudication of the issue and not whether the controversy is otherwise `justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded. (citation omitted)
Connecticut Assn. of Boards of Education, Inc. v. Shedd,197 Conn. 554, 558, 499 A.2d 797 (1985). In Bombriant v. New Haven, 25 Conn. Sup. 339, 341 (1964) the court found that defendant municipal employee had no standing and was not entitled to join in codefendant municipality's motion to strike a court of the amended complaint that was directed solely against the municipality. Therefore, because in the instant case the third party complaint is directed solely against third party defendant James Finley, plaintiffs have no standing to bring their motion to strike. Accordingly, the motion to strike is denied. Because the above discussion is dispositive of the notion, no analysis is provided regarding plaintiffs' grounds to strike defendants' third party complaint.
CLARINE NARDI RIDDLE, J. CT Page 7001