[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Richard B. Crafts, appeals from a decision of the Newtown Probate Court, denying his petition to remove the executrix of the estate of Helle Crafts from her fiduciary position.
The parties agree to the following facts:
On July 1, 1987, pursuant to General Statutes, Sec.53a-54a, the State of Connecticut indicted the plaintiff, Richard Crafts, for the murder of his wife, decedent, Helle Crafts. On November 21, 1989, a jury found the plaintiff guilty of murder.
On February 23, 1987, the Juvenile Court for the Judicial District of Danbury appointed Karen Carter Rodgers (hereinafter "defendant") as guardian of the three Crafts' children: Andrew Lorck Crafts, Thomas Bunel Crafts, and Kristina Nielsen Crafts.
In June, 1987, Karen Carter Rodgers was appointed as executrix of the estate of Helle Crafts by the Newtown Probate Court.
On December 28, 1987, the Westport Probate Court appointed the defendant as guardian of the estates of the three Crafts' children.
On January 8, 1990, the plaintiff was sentenced to fifty years in prison for the murder of decedent, Helle Crafts.
On both March 13, 1990 and March 22, 1990, the plaintiff filed petitions with the Newtown Probate Court in order to have the defendant removed as executrix of the estate of Helle Crafts. On March 26, 1990, the Newtown Probate Court (Fisk, J.) denied the plaintiff's petitions for removal of the defendant as executrix. The court's decree stated that pursuant to section 45-279 (now 45a-447), the plaintiff, by reason of his conviction under General Statutes, Sec.53a-54a, did not have standing with respect to the disposition of the assets in the estate of the decedent, CT Page 7470 Helle Crafts.
On or about April 13, 1990, the plaintiff commenced the instant appeal pursuant to General Statutes, Sec. 45a-186, challenging the March 26, 1990 decree of the Newtown Probate Court.
On May 28, 1993, the defendant filed a motion to dismiss based on a lack of subject matter jurisdiction in that the plaintiff was not aggrieved by the decree of the Newtown Probate Court. As required by Practice Book, Sec. 143, the defendant has timely filed a memorandum in support of its motion to dismiss. The plaintiff has filed a memorandum in opposition.
The motion to dismiss is the proper vehicle for claiming lack of jurisdiction. Upson v. State, 190 Conn. 622, 624-25
n. 4, 461 A.2d 991 (1983). Because the right to appeal from the decision of the Probate Court is statutorily conferred, the absence of aggrievement is a jurisdictional defect which deprives the Superior Court of the power to hear the appeal. Baskin's Appeal from Probate, 194 Conn. 635, 637,484 A.2d 934 (1984); Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511,513, 429 A.2d 967 (1980). The general test for aggrievement is whether there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. Erisoty's Appeal from Probate, 216 Conn. 514, 519, 582 A.2d 760 (1990). Therefore, "[t]o examine the present issue the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478, 485, 338 A.2d 497
(1973); Baskin's Appeal, supra, 638.
The aggrievement dispute in the present case involves General Statutes, Sec. 45a-447 (formerly section 45-279) which provides:
 A person finally adjudged guilty, either as the principal or accessory, of any crime under section 53a-54a or 53a-54b, or in any other jurisdiction, of any crime, the essential elements of which are substantially similar to such crimes, shall not inherit or receive any part of the estate CT Page 7471 of the deceased, whether under the provisions of any act relating to intestate succession, or as devisee or legatee, or otherwise under the will of the deceased, or receive any property as beneficiary or survivor of the deceased; and such person shall not inherit or receive any part of the estate of any other person when such homicide or death terminated an intermediate estate, or hastened the time of enjoyment. With respect to inheritance under the will of the deceased, or rights to property as heir, devisee, legatee or beneficiary of the deceased, the person whose participation in the estate of another or whose right to property as such heir, devisee, legatee or beneficiary is so prevented under the provisions of this section shall be considered to have predeceased the person killed. With respect to property owned in joint tenancy with rights of survivorship with the deceased, such final adjudication as guilty shall be a severance of the joint tenancy, and shall convert the joint tenancy into a tenancy in common as to the person so adjudged and the deceased but not as to any remaining joint tenant or tenants, such severance being effective as of the time such adjudiction of guilty becomes final. When such jointly owned property is real property, a certified copy of the final adjudication as guilty shall be recorded by the fiduciary of the deceased's estate, or may be recorded by any other interested party in the land records of the town where such real property is situated.
(Emphasis added.)
The defendant, in her memorandum of law in support of her motion to dismiss, argues that having been convicted of the murder of the decedent pursuant to section 53a-54a, the plaintiff is prohibited from participating in the estate of the decedent because of the operation of General Statutes, Sec. 45a-447. Accordingly, the defendant argues that the plaintiff is not aggrieved by the decision of the Newtown Probate Court.
The plaintiff, in his memorandum in opposition, argues CT Page 7472 that because plaintiff's appeal of his criminal conviction was argued before the Connecticut Supreme Court (State of Connecticut v. Richard B. Crafts, Docket No. 13886) on March 26, 1993, and a decision has not yet been rendered, the plaintiff has not been "finally adjudged guilty" of the crime he was convicted of, and therefore has standing to go forward with the instant case.
Although a diligent search yielded no Connecticut authority which interpreted when a person would be "finally adjudged guilty" for purposes of determining an interest in proceeds from a decedent's estate, another state has addressed the issue. In Prudential Insurance Company v. Baitinger, 452 So.2d 140 (Fla.App. 1984), Gail Johnson, the apparent victim of a homicide, died intestate. Her husband, Lee Johnson, was subsequently convicted of the first degree murder of his wife. Lee Johnson's appeal from this conviction was still pending at the time of the probate appeal at issue in that case.
At the time of her death, the decedent in Baitinger was covered by a life insurance policy issued by Prudential in the amount of $250,000. The policy named Lee Johnson as beneficiary. After Johnson was convicted, the Probate Court ordered Prudential to pay the proceeds of the policy to the personal representatives of the decedent's estate, an order which Prudential appealed.
Section 732.802(3) of the Florida statutes in effect at the time this case was decided, provided as follows:
 A named beneficiary of a bond, life insurance policy, or other contractual arrangement who unlawfully and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement; and it becomes payable as though the killer had predeceased the decedent.
In addition, section 732.802(5) further provided:
 A final judgment of conviction of murder in any degree is conclusive for purposes of this section. In the absence of a conviction of murder CT Page 7473 in any degree, the court may determine by the greater weight of the evidence whether the killing was unlawful and intentional for purposes of this section.
In Baitinger, Prudential argued that "the court could not rely upon Lee Johnson's judgment of conviction because it was not `final' since an appeal thereof was pending." Id., 142.
Citing legislative intent to make it more difficult for an individual convicted of murder to acquire an interest as a result of his wrongdoing, the Baitinger court held that "`final judgment of conviction' mean an adjudication of guilt by the trial court and that such would be conclusive for purposes of section 732.802." Id., 143.
Futhermore [Furthermore], an examination of the Uniform Probate Code (UPC) section dealing with the effect of homicide on intestate succession provides useful insight. Uniform Probate Code, Sec. 2-803(g) provides:
 After all right to appeal has been exhausted, a judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent conclusively establishes the convicted individual as the decedent's killer for purposes of this section. In the absence of a conviction, the court, upon the petition of an interested person, must determine whether, under the preponderance of evidence standard, the individual would be found criminally accountable for the felonious and intentional killing of the decedent. If the court determines that, under that standard, the individual would be found criminally accountable for the felonious and intentional killing of the decedent, the determination conclusively establishes that individual as the decedent's killer for purposes of this section.
Pursuant to the Uniform Probate Code, all appeals must be exhausted before it can be conclusively established that the convicted individual was the decedent's killer. Had the Connecticut legislature formed the same intent as the drafters of the UPC, they could have added the same "right to CT Page 7474 appeal" language, but chose not to.
Finally, if the court were to accept the liberal interpretation of section 45a-447 as offered by the plaintiff, then it is possible a person can never be "finally adjudged guilty," as a prisoner has the right of a habeas corpus petition at his disposal.
In the present case, the plaintiff was tried, convicted, and adjudicated guilty of murder. The adjudication of guilt establishes that the plaintiff does not have a direct interest in the estate of the decedent. Since the plaintiff does not have a direct interest in the estate of the decedent, he is not aggrieved within the meaning of General Statutes, Sec. 45a-186. Accordingly, the defendant's motion to dismiss the plaintiff's appeal is granted.
It is noted that Richard Crafts' conviction was recently affirmed. See State v. Crafts, 226 Conn. 237, ___ A.2d ___ (1993).
Stodolink, J.