[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On September 22, 1992, the defendant, Verna Franco Layman, was appointed as conservatrix of the person and estate of her mother, Mary Franco, who was found by the probate court to be incapable of managing her own affairs or caring for herself. On June 1, 1994, the probate court conducted a first and final accounting of Mary Franco's estate. The final accounting listed Mary Franco's assets to be $300.00. On July 12, 1994, the probate court, Donahue, J., held a hearing on the first and final accounting of Mary Franco's estate, decreeing that the accounting was true and ordering, among other things, that the conservatorship of the estate be terminated pursuant to General Statutes § 45a-660 and that the assets of Mary Franco's estate be transferred to the defendant, as conservatrix of the person of Mary Franco. CT Page 1260
On August 11, 1994, the plaintiff, Maureen Franco, sister of Verna Franco Layman, appealed the probate court's July 12, 1994 order, arguing that some of her personal property was included in her mother's final accounting and was sold by the defendant. The plaintiff, who is proceeding in this matter pro se, failed to include any facts concerning the alleged loss of her personal property in her appeal.
On December 12, 1994, the defendant filed a motion to dismiss the plaintiff's appeal and a memorandum in support of the motion arguing that the appeal should be dismissed because the plaintiff (1) failed to prove that she is aggrieved; and (2) did not post a bond or other form of security as is required by General Statutes § 45a-186. On December 22, 1994, the plaintiff filed an objection to the motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). Practice Book § 143 states in part, "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Practice Book § 143;Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Gurliacci v. Mayer, supra, 542.
"The trial court does not have subject matter jurisdiction to hear an appeal from probate unless the person seeking to be heard has standing. . . . In order for an appellant to have standing to appeal from an order or decree of the Probate Court, the appellant must be `aggrieved' by the court's decision." (Citation omitted.)Kucej v. Kucej, 34 Conn. App. 579, 581, ___ A.2d ___ (1994), citing General Statutes § 45a-186[1]. "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court." Id. "If an appellant is a mere stranger or interloper to the proceedings with no direct interest in the outcome, the court is without jurisdiction to hear the appeal." Buchholz's Appeal from Probate, 9 Conn. App. 413, 415,519 A.2d 615 (1987). CT Page 1261
"Aggrievement falls within two broad categories, classical and statutory. . . . Classical aggrievement usually requires that the party claiming aggrievement has a direct pecuniary interest in the outcome of the litigation." Id., 415-16. "A two-prong analysis is used in probate appeals to determine whether a party is classically aggrieved by a denial, decree or order of a court of probate as provided by General Statutes § 45-288 [now § 45a-186]. . . . That analysis includes a consideration of (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." (Internal quotation marks omitted.) Id., 416.
In the present case the plaintiff alleges that she is aggrieved because some of her personal property was included in the final accounting of Mary Franco's estate and that said property has now been sold by the defendant. The plaintiff, however, has failed to allege any facts to support her claim of aggrievement. Specifically, the plaintiff has failed to allege which of her possessions were included in the final accounting, their value, or when and to whom they were sold. "Aggrievement is a legal conclusion which, if stated without supporting allegations as to the particular nature of the aggrievement, is insufficient as the basis for the appeal." Hartford Kosher Caterers, Inc. v. Gazda,165 Conn. 478, 483, 338 A.2d 497 (1973). The court finds that the plaintiff has failed to meet her burden of proving aggrievement, and therefore the court lacks the jurisdiction to hear the appeal.
Since the court has found a lack of subject matter jurisdiction, it is not necessary to address the defendant's second claim in support of the motion which is that the appeal should be dismissed because the plaintiff failed to post a proper bond or security.
Accordingly, for the reasons stated, the defendant's motion to dismiss is be granted.
Hadden, J.